# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1691V

| | | |
|---|---|---|
| ANGELA KAY STACY, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: April 23, 2024 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Isaiah Kalinowski*, Bosson Legal Group, Fairfax, VA, for Petitioner.

*Felicia Langel*, U.S. Dep't of Justice, Washington, DC, Respondent.

**DECISION GRANTING IN PART MOTION FOR INTERIM AWARD OF ATTORNEY'S FEES AND COSTS**[1]

On November 3, 2017, Angela Kay Stacy filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleges that she suffered a movement disorder, diagnosed as myoclonus, as a result of receiving an influenza ("flu") vaccine on November 7, 2014. Petition (ECF No. 1) at 1. A two-day hearing was held in Washington, D.C. on January 8, 2024, and the matter is still pending resolution.

Petitioner has now filed a motion for an interim award of attorney's fees and costs. Motion, dated Mar. 1, 2024 (ECF No. 76) ("Interim Fees Mot."). It is the first fees requests in this case. Petitioner requests attorney's fees and costs relating to the work performed by present counsel

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

1

(Isaiah Kalinowski of Bosson Legal Group ("BLG")) since his appearance in the matter, as well as attorney's fees and costs relating to the work performed by previous counsel (Otwell Rankin of Bonar, Bucher, and Rankin, PSC ("BBR")). Petitioner requests a total of $123,656.16—reflecting $19,800.07[3] for BBR ($1,292.37 in attorney's fees, plus $18,448.30 in costs), $73,323.75 in attorney's fees to BLG, and $30,532.34 in costs to BLG, from July 2016 through February 2024. Interim Fees Mot. at 1–2.

Respondent reacted to the interim fees request on March 7, 2024. *See* Response, dated Mar. 7, 2024 (ECF No. 78) ("Resp."). Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, but defers the calculation of the amount to be awarded to my discretion. *Id.* at 2–3. Petitioner filed a reply maintaining her position and requesting that she be awarded the requested fees and costs as indicated. ECF No. 79.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$123,596.76**.

## ANALYSIS

### I. Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[4] is demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about

---

[3] In reviewing the materials filed relevant to this motion, I note a miscalculation of the total sum requested for the work of Mr. Rankin. Although a total of $19,800.07 for attorney's fees and costs was requested, the adjusted total for Mr. Rankin's incurred attorney's fees and costs is properly calculated as follows: $18,448.30 (summary of time billed) + $1,292.37 (summary of costs) = **$19,740.67.**

[4] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g., Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[5]

Also, relevant herein are the standards governing interim awards—meaning fees awards issued while a case is still pending. *See generally Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

There is no presumption of entitlement to interim awards, but special masters may in their discretion permit such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards governing fees. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16. However, there must be *some* showing that a petitioner's circumstances render an interim award just. Criteria that I have found to be important in determining whether an interim award should be permitted include: 1) whether the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; and/or 3) whether the case has been pending for more than 18

---

[5] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

3

months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017).

I find that Petitioner has made a sufficient showing of reasonable basis to justify an interim fees award. While the ultimate resolution of causation remains to be determined, Petitioner has put forward more than enough objective support for the claim. In addition, the other indicia I consider significant in resolving interim award requests have been met. This matter has been pending for more than five years, many expert reports have been filed, the requested fees are substantial, and I generally find it appropriate to request an interim award after a hearing is held. And no other circumstances exist that make an interim award inappropriate.

## II.     Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for Mr. Rankin's and Mr. Kalinowski's time, based on the years work was performed:

|  | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|---|---|
| **Otwell Rankin (attorney)** | $250.00 | $281.00 | $291.00 | $297.00 | $337.00 | $360.00 | $375.00 | $390.00 | $405.00 |
| **Isaiah Kalinowski (attorney)** | -- | -- | -- | -- | -- | -- | -- | $445.00 | $480.00 |

| Rob Rose (attorney) | -- | -- | -- | -- | -- | -- | -- | $425.00 | $440.00 |
|---|---|---|---|---|---|---|---|---|---|
| Paralegals (BLG) | -- | -- | -- | -- | -- | -- | -- | $165.00 | $175.00 |

Ex. 56 at 1–6; Ex. 57 at 1–10.

Mr. Rankin practices in Covington, Kentucky, which is part of the Cincinnati, Ohio metropolitan area. Accordingly, the rates for that region are compared to the District of Columbia to determine if they are slightly different. *See Avera*, 515 F.3d at 1349. On several occasions this analysis has been performed, but it has been determined that *non-forum rates* are appropriate. *See Johnson v. Sec'y of Health & Hum. Servs.*, No. 16-1449V, 2021 WL 4737466, at *16 n.14 (Fed. Cl. Spec. Mstr. Aug. 13, 2021) (stating "this is at least the fourth time counsel's rates have required adjustment by the Court."); *Windhorst v. Sec'y of Health & Hum. Servs.*, No. 13-647V, 2017 WL 4768125 (Fed. Cl. Spec. Mstr. Sept. 27, 2017); *Jones v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2016 WL 7233938 (Fed. Cl. Spec. Mstr. Nov. 18, 2016). Nevertheless, the rates requested (including newly-requested '23 and '24 rates) are consistent with what has previously been awarded for Mr. Rankin in other Vaccine Act cases. Accordingly, I find no cause to reduce them in this instance, and the time devoted to the matter is deemed reasonable.

Mr. Kalinowski practices in the Washington, D.C., metropolitan area—a region that has been deemed "in forum," making him entitled to commensurate rates established in *McCulloch*. *See Brock v. Sec'y of Health & Hum. Servs.*, No. 18-399V, 2020 WL 18115766, at *2 (Fed. Cl. Spec. Mstr. Mar. 10, 2020). The rates requested for time billed in 2023 have been allowed in other cases, and although the 2024 rate request ($480.00 per hour) reflects a higher increase with respect to previous years, it is still consistent with what has previously been awarded for Mr. Kalinowski, reflecting his work and experience in the Program, and is otherwise in accordance with the Office of Special Masters' fee schedule.[6] *Bechel v. Sec'y of Health & Hum. Servs.*, No. 16-887V, 2023 WL 9060369 (Fed. Cl. Spec. Mstr. Nov. 30, 2023). I thus find no cause to reduce them in this instance. I also deem the time devoted to the matter reasonable, and will therefore award it without adjustment.

### III.  Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at

---

[6] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Apr. 23, 2024).

*16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $1,292.37 in costs incurred by her prior counsel at BBR, including the filing fee, medical record retrieval costs, postage, and costs associated with travel. Such costs are typical in the Vaccine Program and are thus eligible for reimbursement, and I do not find any of the amounts at issue questionable. Thus, they shall be awarded in full without reduction.

Petitioner also seeks $30,532.34 in costs incurred by current counsel at BLG, including medical record retrieval costs, PACER costs, and costs associated with a single expert, Dr. Lawrence Steinman. Ex. 57 at 10. Dr. Steinman prepared three written reports in this matter and testified on behalf of Petitioner. He submitted an invoice for a total of $30,250.00 (at an hourly rate of $550.00 for 55 hours of work). *Id.* at 22–25. This rate is also consistent with what he has been awarded in other cases, and I find this sum was reasonable for the work performed. Thus, I do not find any reason to make any reductions.

All requested litigation-related costs in this matter shall be awarded in full without reduction.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of an interim fees award, I **GRANT IN PART** Petitioner's Motion for an Interim Award of Attorneys' Fees and Costs. I award a total of $123,596.76, reflecting (a) $19,740.67 in attorney's fees and costs, in the form of a check made jointly payable to Petitioner and Petitioner's previous counsel, Otwell Rankin of BBR, and (b) $103,856.09 in attorney's fees and costs, in the form of a check made jointly payable to Petitioner and Petitioner's counsel of record, Isaiah Kalinowski of BLG. Petitioner requests that one check be forwarded to BBR at 106 Lucia Court, Jupiter, Florida 33478, and another check be forwarded to BLG at 8300 Arlington Blvd. Ste. B2, Fairfax, VA 22031.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision. [7]

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>s/ Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master
